MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: SHARON E. FRASE (SF-4906)
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Tel. (212) 637-2329



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x            JUDGE MARRERO

UNITED STATES OF AMERICA,

      - v -                                 :       VERIFIED COMPLAINT

$13,900 in United States currency,  :       08 Civ.

      Defendant-in-rem.                   :       08 CV 0882
------------------------------------x

      Plaintiff United States of America, by its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, for its complaint alleges as follows:

### I. JURISDICTION AND VENUE

      1.   This action is brought pursuant to 21 U.S.C. § 881 by the United States of America seeking the forfeiture of $13,900 in United States currency (the "defendant-in-rem currency");

      2.   This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.  Venue is proper under 28 U.S.C. § 1355(a) because the actions giving rise to forfeiture took place in the Southern District of New York and the defendant-in-rem currency was found and seized in the Southern District of New York.

      3.   The defendant-in-rem currency is presently in the

custody of the United States Marshals Service ("USMS") Seized Asset Deposit Fund Account held at the Federal Reserve Bank.

## II. PROBABLE CAUSE FOR FORFEITURE

4.  On or about June 25, 2007, at approximately 10:15 p.m., New York City Police Department ("NYPD") officers conducted a vehicle stop of a 2003 Dodge vehicle on West 152nd Street in New York, New York. The 2003 Dodge was later determined to be registered to a Samuel Hancock, of Elmhurst, New York. The driver of the vehicle was identified as Luis A. Hernandez-Morales, and the passenger was identified as Andres Fermin-Nunez.

5.  Upon approaching the vehicle the officers observed in plain view a black bag in a brick shape. The bag contained $13,900 in United States currency, in the following denominations: (a) 6 $100 bills; (b) 14 $50 bills; (c) 592 $20 bills; (d) 56 $10 bills; (e) 33 $5 bills and (f) 35 $1 bills.

6.  Hernandez made verbal statements to the officers, during which he stated in substance that the money was to purchase a motor vehicle on June 29th at an auction. When questioned about carrying the money a few days before the auction, Hernandez stated that he liked to be prepared early and that he is not afraid to carry that kind of money around.

7.  Fermin made verbal statements to the officers, during which he stated in substance that the money belonged to Hernandez and that it was in the vehicle when he entered.

8. An ion-scan was conducted on the currency which registered a positive alarm for cocaine.

9. Both Hernandez and Fermin are unemployed.

### III. CLAIM FOR FORFEITURE

10. Incorporated herein are the allegations contained in paragraphs one through nine of the Complaint.

11. Pursuant to 21 U.S.C. § 881(a)(6), all moneys furnished or intended to be furnished in exchange for a controlled substance, all proceeds traceable to such exchanges, and all moneys used or intended to be used to facilitate such exchanges, in violation of Title 21 of the United States Code, are subject to seizure and forfeiture to the United States, and no property right exists in such proceeds.

12. The defendant-in-rem currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because there is probable cause to believe that it constitutes moneys intended to be furnished in exchange for a controlled substance, and/or proceeds traceable to such exchanges, and/or moneys used or intended to be used to facilitate such exchanges, in violation of Title 21 of the United States Code.

13. By reason of the above, the defendant-in-rem currency became, and is, subject to forfeiture to the United States of America, pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, plaintiff United States of America prays

that process issue to enforce the forfeiture of the defendant-in-rem currency and that all persons having an interest in the defendant-in-rem currency be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the defendant-in-rem currency to the United States of America for disposition according to law, and that this Court grant plaintiff such further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
       January 24, 2008

                              MICHAEL J. GARCIA
                              United States Attorney for the
                              Southern District of New York
                              Attorney for the Plaintiff
                              United States of America

By: _____
     SHARON A. FRASE (SF-4906)
     Assistant United States Attorney
     One St. Andrew's Plaza
     New York, New York 10007
     Telephone: (212) 637-2329

## VERIFICATION

STATE OF NEW YORK           )
COUNTY OF NEW YORK          :
SOUTHERN DISTRICT OF NEW YORK )

ADELE HANAY, being duly sworn, deposes and says that she is an Special Agent with the Drug Enforcement Administration, and as such has responsibility for the within action; that he has read the foregoing complaint and knows the contents thereof, and that the same is true to the best of his own knowledge, information and belief.

The sources of deponent's information and the grounds of her belief are official records and files of the New York City Police Department and the United States Government.

                                              ADELE HANAY
                                              Special Agent
                                              Drug Enforcement Administration

Sworn to before me this
24ᵗʰ day of January, 2008

NOTARY PUBLIC
LESLEY B. GLENN
Notary Public, State of New York
No. 0L4554657
Qualified in New York County
Commission Expires 6/30/11